UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CIVIL ACTION |
| VERSUS | NO. 13-2367 |
| SIDNEY ABUSCH | SECTION "R" (3) |

### REPORT AND RECOMMENDATION

This matter is before the Court on the United States of America's Petition to Enforce Internal Revenue Service Summons. [Doc. #1]. Defendant Sidney Abusch filed an answer on May 17, 2013. On May 1, 2013, the Court issued an Order to Show Cause [Doc. #3] to Abusch, scheduling a show cause hearing for May 29, 2013 at 11:00 a.m. On said date, the matter came before the Court at an oral hearing. Present were Andre Lagarde and Denise Adams on behalf of the government and James Roan on behalf of defendant Abusch.

Denise Adams is a revenue officer with the Internal Revenue Service ("IRS") and commenced an investigation into the tax liability of Sidney Abusch for tax years 2008, 2009 and 2010. In connection with her investigation, on September 28, 2011, pursuant to Title 26, United States Code, Section 7602, Adams issued an Internal Revenue Service Summons to Kevin A. Abusch. Through same, Abusch was summoned to personally appear on October 17, 2011, and to give testimony and to produce for examination all books, papers, records, or other data as described in the summons. Abusch failed to appear in response to the summons.

MJSTAR(00:10)

On December 23, 2011, the IRS issued another summons for Abusch to appear on January 23, 2012. At the request of Abusch, the appearance date was rescheduled to February 13, 2012. Abusch appeared on said date, but he failed to produce all documents sought by the summons. The government thus filed this petition, arguing that the summons remains unsatisfied.

The IRS is authorized to issue summonses to compel any person that has possession of books, papers, or other data to produce such materials when needed by the IRS to determine the correctness of the tax return or otherwise to determine the tax liability of an individual. *United States v. Barrett*, 837 F.2d 1341, 1344 (5th Cir. 1988) (en banc). If the person does not comply with the summons, the IRS can file a petition for enforcement with the district court. *Id.*

In *United States v. Powell*, 379 U.S. 48, 57-58 (1964), the United States Supreme Court set forth four criteria that the IRS must establish to have a summons enforced:

> (1) The IRS agent must show that the investigation will be conducted pursuant to a legitimate purpose;
> (2) That the inquiry may be relevant to the purpose;
> (3) That the information sought is not already within the IRS's possession; and
> (4) That the administrative steps required by the Code have been followed.

*Id.*

Once the government has carried its burden of proving the above requirements, the burden shifts to the party resisting the summons to challenge it on any appropriate ground. *United States v. McCoy*, 954 F.2d 1000, 1004 (5th Cir. 1992). While a proceeding to enforce a summons is an adversarial proceeding, it is not intended to be a full-blown trial but rather a summary proceeding. *Id.* The Court's only task is to determine whether the summons should or should not be enforced. *Barrett*, 837 F.2d at 1344. This inquiry is limited to ensuring that the government has complied with the four *Powell* criteria and that the Court's process is not being abused. If good faith and legitimate

purpose are found to exist, the summons should be enforced. *Id.* If they are not present, enforcement should be denied. *Id.*; *United States v. Trenk*, 2007 WL 174327 (D.N.J. 2007) ("When the taxpayer does not refute the prima facie case or cannot factually support an affirmative defense, the court should enforce the summons without an evidentiary hearing."); *see also United States v. Newman*, 441 F.2d 165, 169 (5th Cir. 1971) ("Before the government is called upon to make this showing, the summoned party must raise in a substantial way the existence of substantial deficiencies in the summons proceeding. Only when so raised is there a need for an evidentiary hearing . . .").

Through its petition and at the oral show cause hearing, the government, through Revenue Officer Adams can counsel, has made a prima facie case for enforcement of the summons by the IRS to Abusch. Abusch did not challenge the government's position and failed to carry his burden of demonstrating that the *Powell* criteria have been met, arguing only that some of the information that the government seeks is not relevant. But Abusch does not get to make that call; that is the duty of this Court, and the Court finds the information reasonably calculated to lead to the discovery of admissible evidence. Accordingly,

**IT IS RECOMMENDED** that the Petition to Enforce Internal Revenue Service Summons (Rec. Doc. 1) be GRANTED and that Sidney Abusch be ordered to comply with the summons **no later than ten (10) days from the final resolution of this petition by the District Court**.

The government has also moved the Court for its costs and fees incurred with having had to bring this action. The government's right to file the appropriate motion to recover such costs and fees is hereby preserved, should circumstances so warrant.

## NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to *de novo* review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 30th day of May, 2013.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**