UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CIVIL ACTION

VERSUS                                  NO: 13-2367

SIDNEY ABUSCH                           SECTION: R

**ORDER**

Before the Court are the United States of America's Petition to Enforce Internal Revenue Summons[1] and defendant Sydney Abusch's Answer.[2] On May 29, 2013, the Magistrate conducted a show cause hearing and thereafter issued a Report and Recommendation.[3] The Court has reviewed *de novo* the petition, the record, the applicable law, and the Magistrate Judge's Report and Recommendation. No objection to the Magistrate's Report has been filed. The Court agrees with the Magistrate Judge's Report and Recommendation and adopts it as its own, with the following additions.

In an attempt to rebut the Government's *prima facie* showing that enforcement of the summons is proper, Abusch contends that two of the requirements set forth in *United States v. Powell*, 379 U.S. 48, 57-58 (1964), are not met. First, he argues that the

---

[1]    R. Doc. 1.

[2]    R. Doc. 6.

[3]    R. Doc. 7.

materials sought "are already in possession of the IRS."[4] Second, he states that some of the documents sought -- those that pertain to the year 2007 -- "are not germane to the examination of the years 2008, 2009, and 2010."[5]

Abusch has failed to meet his heavy burden to rebut the Government's *prima facie* case. With regard to his claim that the IRS is already in possession of the materials in question, Abusch has failed to "do more than simply produce evidence that would call into question the IRS's *prima facie* case." *Zugerese Trading, LLC v. IRS*, 579 F. Supp. 2d 781, 786 (E.D. La. 2008). In fact, Abusch has produced no evidence on this score at all; he has merely made a bald assertion that the IRS already has the records.[6] An unadorned, unsupported statement is insufficient to rebut the government's showing that one of the *Powell* requirements is satisfied. *See, e.g.*, *United States v. Trenk*, No. 06-1004, 2007 WL 174327, at *3 (D.N.J. Jan. 22, 2007) (noting that a summons should be enforced without an evidentiary hearing if the taxpayer cannot raise an affirmative defense and "factually support" it, such as by submitting an affidavit).

Abusch's relevancy claim fails as well. The standard for relevance in summons enforcement cases is exceedingly low; "the

---

[4]   R. Doc. 6 at 1, 5.

[5]   R. Doc. 6 at 2.

[6]   R. Doc. 6 at 1.

requested documents need only be 'relevant' in the sense that they have the potential to shed some light on any aspect of the taxpayer's return." *Zugerese*, 579 F. Supp. 2d at 787-78 (internal quotation marks omitted); *see also United States v. Arthur Young Co.*, 465 U.S. 805, 814 (1984) (noting that the language of § 7602 "reflects Congress' express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation"). Documents pertaining to the year 2007 certainly "have the potential to shed some light on [some] aspect of" Abusch's returns for 2008, 2009, and 2010.

    Accordingly, the Petition to Enforce Internal Revenue Service Summons is GRANTED, and defendant is ordered to comply with the summons no later than ten (10) days from the date of this order.

    New Orleans, Louisiana, this 26th day of June, 2013.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE